```
FILED
CLERK, U.S. DISTRICT COURT

SEP _ 5 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTH DEVICES CORPORATION, | CV00-6781-AHM(RCX) |
| Plaintiff, | ORDER REGARDING MANDATORY STATUS CONFERENCE AND JOINT REPORT |
| v. | Date: NOVEMBER 6, 2000 |
| SHAKI INTERNATIONAL, INC., ET AL, | Time: 1:30 p.m. |
| Defendants. | |

**PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge A. Howard Matz.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. To secure the "just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

///

///

```
ENTER ON ICMS

SEP - 5 2000
```

The Court further orders as follows:

1. **Early Meeting of Counsel and Commencement of Discovery.** The Court expects that counsel will participate in the meeting required by Local Rule 6 in a good faith manner, with full disclosures and open (not grudging) exchanges of information. It is advisable for counsel to begin discovery and conduct it actively before the Mandatory Status Conference ("MSC") because they will have limited time to complete discovery after the MSC.

2. **Joint MSC Report.** Counsel shall jointly file a Joint Mandatory Status Conference Report (hereinafter "Joint MSC Report") at least ten (10) calendar days before the date set for the Mandatory Status Conference. It should be titled "Joint MSC Report." *The Joint MSC Report is to be filed in lieu of the Joint Status Report required by Local Rule 6.5. Because this Court's requirements greatly differ from the requirements of Local Rule 6.5, if the parties have already filed a Rule 6.5 Report, they still must file the Joint MSC Report required by this Order.* A Joint MSC Report which does not comply with this Order likely will result in a continuance of the Mandatory Status Conference and, pursuant to Local Rule 27, possible sanctions.

"Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint MSC Report shall report on all matters required to be discussed by Rule 6.4 (some of which are enumerated below) and shall also include the following:

   a. a short synopsis (not to exceed two pages) of the main claims, counterclaims, and/or affirmative defenses.

   b. a brief description of the key legal issues.

   c. the realistic range of provable damages.

   d. whether there is insurance coverage.

   e. a statement of the likelihood of: motions seeking to add other parties or to file amended pleadings; motions to transfer venue.

   f. a discussion of the present state of discovery, including a description of completed discovery and a schedule of all contemplated future discovery (see Local Rule 6.4.2).

   g. a proposed non-expert discovery cut-off date. THIS MEANS THE LAST DAY BY WHICH ALL DEPOSITIONS MUST BE COMPLETED AND RESPONSES TO ALL PREVIOUSLY-SERVED WRITTEN DISCOVERY MUST BE PROVIDED.

h.  a description of the issues or claims that any party believes may be determined by *motion for summary judgment or motion in limine*.

i.  a schedule of contemplated law and motion matters and a proposed cut-off date for motions. THIS MEANS THE LAST DATE ON WHICH MOTIONS MAY BE HEARD, NOT NOTICED.

j.  a statement of what settlement discussions and/or written communications have occurred (specifically excluding any statement of the terms discussed) and a statement pursuant to Local Rule 23 selecting a settlement mechanism under that rule. *See* Part 3, *infra*, for details and instructions.

k.  a realistic (not padded) estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling.

l.  proposed dates (complete attached schedule on Exhibit A.)

m.  a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, discovery in foreign jurisdictions, etc.).

n.  for conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

The Court would appreciate counsel filing Joint MSC Reports that set forth the above enumerated information under section headings corresponding to this Order.

3.  **Mandatory Status Conference.** Pursuant to Local Rule 6.9, the Mandatory Status Conference will be held in Courtroom 14 of the Federal Courthouse at 312 N. Spring Street. Counsel shall comply with the following:

a.  Participation. The lead trial attorney must attend the Mandatory Status Conference. Unless excused for good cause shown in advance of the MSC, the Court reserves the right to designate the attorney attending the MSC as lead trial counsel. Counsel should be prepared to discuss not only the Joint MSC Report but also what the case is really about at its core and whether there are ways to litigate it that will enhance the prospects for settlement (*e.g.* limited trial on bifurcated issues). If the time estimate for trial given in the Joint MSC Report exceeds ten court days, counsel shall be prepared to explain why a lengthier trial is estimated. In a realistic manner, they should disclose approximately how many witnesses and exhibits truly are necessary and whether there are unusual factors, such as non-English speaking witnesses, that are likely to extend the length of trial.

b.  Continuance. A continuance of the Mandatory Status Conference will be granted only for good cause.

c.  Use of Conference Telephone. If one or more of the lead counsel has his or her office outside of Los Angeles County, the Court is normally willing, at counsel's request, to conduct the status conference by conference telephone call. Please contact the court clerk at 213/894-5283 to get approval.

3

>Opposing counsel who are outside of Los Angeles County may also participate by telephone The attorney requesting to participate by telephone shall call 213/894-5290 at the time and date specified above for specific instructions. After the other participants are assembled, that attorney will be notified that he or she must promptly originate the conference call.

4. **Protective Orders.** If you seek a protective order, propose it to opposing counsel before the MSC, if at all possible. In a separate standing order, the Court has adopted precise requirements for protective orders and the treatment of confidential information. Please comply with that order, which is available on the Court's website (see below), or upon request from the Courtroom Deputy Clerk.

5. **Settlement Procedures.** As noted above, the Court requires the parties in the Joint MSC Report to select and identify the settlement procedure they have selected under Local Rule 23. The Court will normally be guided by the parties' agreement as to what procedure is appropriate and when the optimum time for that procedure is. If the parties cannot agree, they should so inform the Court in the Joint MSC Report.

Not to the exclusion of other procedures, the following are available:

A. A settlement conference with this Court or the Magistrate Judge assigned to the case.

B. A settlement conference or other settlement procedure before an attorney appointed by the Court or retained by the parties or selected from the Attorney Settlement Panel.

C. Arbitration, mediation, mini-trial procedures or other alternative dispute resolutions, possibly in conjunction with A or B above.

D. A settlement conference before another district judge or magistrate judge selected at random from the Court's Civil Settlement Panel.

6. **Pretrial of All Civil Actions.** Pursuant to Local Rule 9.1, all civil actions or proceedings shall be pretried pursuant to Rule 16 of the Fed. R. Civ. P. and Local Rule 9.

7. **Compliance With Local Rules and this Court's Standing Orders.** At all stages of the proceeding, the parties are expected to comply with the Local Rules of this District and this Court's Standing Orders. Before the MSC, counsel shall review the Central District's Civility and Professionalism Guidelines, which shall be the standard of conduct to which they will be expected to adhere.

1        8.    **Notice.** Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order or who are known but have not yet entered appearances.

       9.    **Disclosures to Clients.** At the MSC, the Court may order all parties to deliver to their respective clients the schedule that the Court imposes and require them to prepare and deliver to their clients a realistic budget of the estimated litigation costs through trial.

       The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

       IT IS SO ORDERED.

Dated: 9-5 , 2000

                                    A. HOWARD MATZ
                                    United States District Judge

Copies to:

All Counsel of Record

*Copies of this and all other standard orders of this Court are available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Requirements." Copies of the Local Rules are available on the website or they may be purchased from one of the following:

| Los Angeles Daily Journal | West Publishing Company | Metropolitan News |
| 915 East First Street | 50 West Kellogg Blvd. | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul, MN 55164-9979 | Los Angeles, CA 90012 |

JUDGE A HOWARD MATZ
PRESUMPTIVE SCHEDULE OF PRETRIAL DATES[1]

| Matter | Time | Weeks before trial | Plaintiff's Request[2] | Defendant's Request[2] | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:30a | | | | |
| [Jury trial:] Opp'n to Jury Instructions and Verdict Form or Special Interrogs [LR 13.3]* [Court trial:] File Findings of Fact and Conclusions of Law [LR 13.5] | | -1 | | | |
| Pretrial Conference [LR 9]; Hearing on Motions in Limine; File Joint and Separate Jury Instructions and Verdict Form or Special Interrogs, Proposed *Voir Dire* Qs and Agreed-to Statement of Case [LR 13.2.1, 13.4.1]* | 2:30p | -2 | | | |
| Lodge Pretrial Conf. Order [LR 9.8.1]*; File Memo of Contentions of Fact and Law [LR 9.5]*; Exhibit List [LR 9.7]*; Witness List [LR 9.6]*; Status Report re Settlement | | -4 | | | |
| Last day for hand-serving Motions in Limine [LR 7.4] | | -5 | | | |
| Last day to conduct Settlement Conference [LR 23.3]* | | -6 | | | |
| Last day for hearing motions [LR 7.4] | 10:00a | -9 | | | |
| Last day for hand-serving motions (other than Motions in Limine or concerning expert-discovery) | | -12 | | | |
| Last day to serve expert disclosures [FRCP 26(a)(2)][3] | | -13 | | | |
| Non-expert discovery cut-off | | -15 | | | |

---

[1] Review the Court's "Order re Mandatory Status Conference" for the meaning of "cutoff" and other terms.

[2] Except for the trial date, which is on Tuesday, propose dates that fall on Mondays.

[3] Disclosure of counter-experts must be "within 30 days after the disclosure by the other party." FRCP 26(a)(2)(C). NOTE: if expert discovery is necessary for summary judgment motions, the parties should begin the disclosure process well before this date.

* Modifies applicable Local Rule or Federal Rule of Civil Procedure.

S:\AHM\Forms&Orders\Court Clerk\Copy of ord re msc sc and jt rept 7/6/00

6