```
JEFFER, MANGELS, BUTLER & MARMARO LLP
ELIZABETH BARROWMAN GIBSON (Bar No. 136710)
RYAN D. LAPIDUS (Bar No. 196838)
2121 Avenue of the Stars, Tenth Floor
Los Angeles, California 90067-5010
Telephone: (310) 203-8080
Fax: (310) 203-0567

Attorneys for Plaintiff
Health Devices Corporation

ROZSA & CHEN LLP
THOMAS I. ROZSA (Bar No. 080615)
TONY D. CHEN (Bar No. 176635)
15910 Ventura Boulevard, Suite 1601
Encino, California 91436
Telephone: (818) 783-0990
Fax: (818) 783-0992

Attorney for Defendants
Shaki International, Inc.,
Ray Zhang and Glynne Miller
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HEALTH DEVICES CORPORATION, dba DOC JOHNSON ENTERPRISES, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHAKI INTERNATIONAL, INC., an unknown entity; RAY ZHANG; and GLYNNE MILLER, <br><br> Defendants. | CASE NO. 00-06781 AHM (RNBx) <br><br> **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY CUT-OFF** |

Plaintiff Health Devices Corporation ("Plaintiff") and

Defendants Shaki International, Inc., Ray Zhang and Glynne Miller

LADOCS\2663531 1

PRINTED ON RECYCLED PAPER

1  (collectively "Defendants"), by and through their counsel, submit
2  the following stipulation:
3
4  ### STIPULATION
5  1. On or about November 6, 2000, the Court ordered
6  that the Factual Discovery Cutoff in this action is February 5,
7  2001.
8  2. Plaintiff noticed the depositions of Defendants
9  Ray Zhang and Glynne Miller for February 2 and 5, 2001,
10 respectively. Defendants' counsel informed Plaintiff that his
11 clients were unavailable on the noticed dates but that they would
12 avail themselves for deposition within a reasonable time in
13 February 2001, to be agreed upon by counsel.
14 3. Therefore, subject to the Court's approval, the
15 parties stipulate and agree that the Fact Discovery Cutoff is
16 extended until March 1, 2001 for the sole purpose of Plaintiff
17 taking the Zhang and Miller depositions. Defendants' counsel
18 agrees to provide Plaintiff with a selection of February dates
19 for the Zhang and Miller depositions.

20  DATED: February 2, 2001    JEFFER, MANGELS, BUTLER & MARMARO LLP
                              ELIZABETH BARROWMAN GIBSON
21                            RYAN D. LAPIDUS
22
                              By: _____
23                                 RYAN D. LAPIDUS
                              Attorneys for Plaintiff HEALTH
24                            DEVICES CORPORATION

25  DATED: February 2, 2001
26                            By: _____
                                   TONY CHEN
27                            Attorney for Defendants SHAKI
                              INTERNATIONAL, INC., RAY ZHANG AND
28                            GLYNNE MILLER

**ORDER**

The Court, having considered the foregoing Stipulation of the parties, and good cause appearing therefore, it is hereby ordered that the Factual Discovery Cutoff of February 5, 2001 is extended until March 1, 2001 for the sole purpose of Plaintiff taking the depositions of Defendants Ray Zhang and Glynne Miller. Accordingly, Defendants' counsel is to immediately provide Plaintiff with a selection of available February 2001 deposition dates for Messrs. Zhang and Miller. No other discovery may be initiated or completed and no other dates previously calendared shall be changed.

Dated: 2/5/2001

U.S. District Court Judge
Honorable Howard A. Matz

PRINTED ON RECYCLED PAPER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2121 Avenue of the Stars, 10th Floor, Los Angeles, California 90067.

On February 2, 2001, I served the foregoing document(s) described as **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY CUT-OFF** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

> Tony D. Chen, Esq.
> Rozsa & Chen
> 15910 Ventura Boulevard
> Suite 1601
> Encino, CA 91436-2815

[X] **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(EXPRESS MAIL NEXT DAY SERVICE®)** I am "readily familiar" with the firm's practice of collection and processing of Express Mail Next Day Service®. Under that practice, the package bearing mailing label no. _____ US would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] **(BY FEDERAL EXPRESS)** I am readily familiar with this business' practice for collection and processing for overnight delivery, and that overnight correspondence will be deposited with the Federal Express on the date hereinabove in the ordinary course of business at Los Angeles, California.

[ ] **(BY FACSIMILE)** I caused to be transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report.

[ ] **(BY PERSONAL SERVICE)** (Federal) I then caused such envelope to be delivered by hand to the offices of the addressee(s).

(FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 2, 2001, at Los Angeles, California.

DAISY LEE

LADOCS\2663945 1