```
JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
ELIZABETH BARROWMAN GIBSON (Bar No. 136710)
RYAN D. LAPIDUS (Bar No. 196838)
2121 Avenue of the Stars, Tenth Floor
Los Angeles, California 90067-5010
Telephone:  (310) 203-8080
Fax:  (310) 203-0567

Attorneys for PLAINTIFF HEALTH
DEVICES CORPORATION dba DOC
JOHNSON ENTERPRISES

ROZSA & CHEN
TONY D. CHEN (Bar No. 176635
15910 Ventura Boulevard, Suite 1601
Encino, California 91436-2815
Telephone:  (818) 783-0990
Fax:  (818) 783-0992

Attorneys for Defendants RAY ZHANG
and GLYNNE MILLER
```

FILED
CLERK, U.S. DISTRICT COURT
MAR - 1 2001
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
FEB 2 3 2001
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTH DEVICES CORPORATION, dba DOC JOHNSON ENTERPRISES, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAKI INTERNATIONAL, INC., an unknown entity; RAY ZHANG; and GLYNNE MILLER,<br><br>Defendants. | CASE NO. CV00-06781 AHM (RNBx)<br><br>[~~PROPOSED~~] CONSENT JUDGEMENT |

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 2 2001
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

___ Docketed
___ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

PRINTED ON
RECYCLED PAPER

LADOCS\2611578 3

Defendants Ray Zhang, individually, and doing business as Shaki International, Inc., and Glynne Miller, individually, and doing business as Shaki International, Inc., (collectively "Defendants"), consenting to personal jurisdiction, subject matter jurisdiction and venue in this District Court, hereby consent to the entry of the following Judgment in this matter.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Ray Zhang, individually, and doing business as Shaki International, Inc., including his agents, representatives, servants and employees, and all those acting in concert or privity with him, and Glynne Miller, individually, and doing business as Shaki International, Inc., including his agents, representatives, servants and employees, and all those acting in concert or privity with him, are hereby forever RESTRAINED AND ENJOINED from all of the following:

   a. distributing, mailing, delivering, displaying, reproducing, printing, publishing, offering to sell, selling, or marketing the Shaki International "SEXTOYS" catalogue, a representative copy of which is attached as Exhibit B to the Declaration of Ronald Braverman (the "Shaki catalogue"); or

   b. preparing derivative works based upon the catalogue of Health Devices Corporation, a representative copy of which is attached as Exhibit A to the Declaration of Ronald Braverman (the "Health Devices catalogue"); or

   c. distributing, mailing, delivering, displaying, reproducing, printing, publishing, offering to sell, selling, or marketing, any Health Devices catalogue; or

   d. distributing, mailing, delivering, displaying, reproducing, printing, publishing, offering to sell, selling, or marketing any products in the novelty or adult products industry which use the stylized "SEXTOYS" mark of Plaintiff as identified in the complaint; or

   e. distributing, mailing, delivering, displaying, reproducing, printing, publishing, offering to sell, selling, or marketing in the novelty or adult products industry: any catalogues that include the following trade dress elements: the term "SEXTOYS" in alternating colors; a black cover page; spiral binding; and a special smaller size of approximately 10½ by 6 inches or any other trade dress similar to Plaintiff's "SEXTOYS" catalogue, which is likely to cause confusion, mistake or to deceive; or

   f. using the trade dress of Health Devices' "SEXTOYS" catalogue or any other trade dress substantially similar thereto in any manner likely or calculated to cause confusion or mistake or deception in connection with the distribution sale or advertising of defendants' products; or engaging in any acts of unfair competition, trademark infringement or unfair competition.

  2. Defendants represent that they have delivered to Plaintiff's counsel all Shaki catalogues in their possession, custody and control.

  3. Defendants represent that they have never had possession, custody or control of any artwork used to manufacture any goods bearing the "SEXTOYS" mark including all Shaki catalogues formerly in their possession, custody and control.

  4. Shaki International Inc., Ray Zhang, and Glynne Miller

1  shall not form any entities to circumvent any of the foregoing
2  prohibitions.
3      5.   In the event Defendants or either of them are found by
4  a court of competent jurisdiction to have violated this Consent
5  Judgment, Plaintiff shall be entitled to recover its reasonable
6  attorneys' fees and costs in enforcing this Consent Judgment.
7      6.   This Court will retain continuing jurisdiction to
8  enforce this Consent Judgment.
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

7. Each party to this Consent Judgment waives all rights in this matter to a trial, a trial by jury, an appeal, any and all legal or applicable defenses or remedies they may have in this action, a motion to vacate judgment, a motion for a new trial, a collateral attack on judgment, or any other rights or remedies that they may now have or at any time hereafter may have to attack this Consent Judgment. This Consent Judgment is a final, non-appealable Judgment.

Dated: March 1, 2001
Time: _____

The HON. HOWARD A. MATZ
United States District Court Judge

Dated: February 21, 2001

Ray Zhang, individually, and doing business as Shaki International, Inc.

Dated: February 21, 2001

Glynne Miller, individually, and doing business as Shaki International, Inc.

-5-

```
 1    Approved as to form:
 2
      JEFFER, MANGELS, BUTLER & MARMARO LLP
 3    ROD S. BERMAN
      ELIZABETH BARROWMAN GIBSON
 4    RYAN D. LAPIDUS

 5
      By: /s/ Rod S. Berman RDL
 6        ROD S. BERMAN, Attorneys for HEALTH
          DEVICES CORPORATION
 7
      ROZSA & CHEN
 8

 9
      By: /s/ T.D. Chen
10        TONY D. CHEN, Attorneys for Defendants
          RAY ZHANG and GLYNNE MILLER
11
```

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2121 Avenue of the Stars, 10th Floor, Los Angeles, California 90067.

On <u>February 23, 2001</u>, I served the foregoing document(s) described as **[PROPOSED] CONSENT JUDGMENT** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

> Tony D. Chen, Esq.
> Rozsa & Chen
> 15910 Ventura Boulevard
> Suite 1601
> Encino, CA 91436-2815
> Telephone:    (818) 783-0991
> **FACSIMILE:  (818) 783-0992**

[X]  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(EXPRESS MAIL NEXT DAY SERVICE®)** I am "readily familiar" with the firm's practice of collection and processing of Express Mail Next Day Service®. Under that practice, the package bearing mailing label no. _____ US would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ]  **(BY FEDERAL EXPRESS)** I am readily familiar with this business' practice for collection and processing for overnight delivery, and that overnight correspondence will be deposited with the Federal Express on the date hereinabove in the ordinary course of business at Los Angeles, California.

[X]  **(BY FACSIMILE)** I caused to be transmitted, pursuant to Rules 2001 <u>et</u> <u>seq</u>., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report.

[ ]  **(BY PERSONAL SERVICE)** (Federal) I then caused such envelope to be delivered by hand to the offices of the addressee(s).

(FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on <u>February 23, 2001</u>, at Los Angeles, California.

                                                    DAISY LEE

LADOCS\2663945 1